UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN S. M.[1], | ) |
|           Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:22-cv-195 |
| KILOLO KIJAKAZI, Commissioner of Social Security, | ) ) ) ) |
|           Defendant. | ) ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Brian M., on May 16, 2022. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Brian M., filed an application for Supplemental Security Income on May 25, 2020, alleging a disability onset date of October 20, 2017. (Tr. 155-66). The Disability Determination Bureau denied Brian M.'s applications initially on November 5, 2020, and again upon reconsideration on March 17, 2021. (Tr. 87-88). Brian M. subsequently filed a timely request for a hearing on April 20, 2021. (Tr. 15). A hearing was held via telephone on August 13, 2021, before Administrative Law Judge (ALJ) Marc Jones. (Tr. 33-65). Vocational Expert (VE) Adolph Cwik testified at the hearing. (Tr. 33-65). Following the hearing, the ALJ issued an unfavorable decision on September 29, 2021. (Tr. 15-26). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

At step one of the five-step sequential analysis for determining whether an individual is

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

disabled, the ALJ found that Brian M. had a continuous 12-month period in which he did not engage in substantial gainful activity. (Tr. 18).

At step two, the ALJ determined that Brian M. had the severe impairments of chronic obstructive pulmonary disease (COPD), diabetes, heart disease, hypertension, degenerative joint disease of the left shoulder and bilateral knees, obesity, and left side vision loss (Tr. 18).

At step three, the ALJ concluded that Brian M. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18). The ALJ found that no medical evidence reflected diagnostic findings that satisfied any listed impairment. (Tr. 18-19). The ALJ considered whether the severity of Brian M.'s impairments met or medically equaled the criteria of Listings 1.18, 1.15, 1.16, 2.02, 2.03, 3.02, 4.02, or 4.05 and concluded that they did not. (Tr. 18-19).

After consideration of the entire record, the ALJ then assessed Brian M.'s residual functional capacity (RFC) as follows:

> [T]he claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) except that he can stand and or walk for a total of four hours in an eight-hour workday. He can occasionally reach overhead with the dominant left upper extremity, and frequently reach in all other directions with the dominant left upper extremity. He occasionally [can] climb ramps and stairs, as well as occasionally stoop, kneel, crouch, and crawl. He can never climb ladders, ropes or scaffolds, never work at unprotected heights, never around dangerous machinery with moving mechanical parts, never operate a motor vehicle as part of his work-related duties, and never balance, as that term in defined in the SCO. He should avoid concentrated exposure to extreme heat, extreme cold, humidity, and dust, odors, fumes, and pulmonary irritants.

(Tr. 19). The ALJ found that Brian M.'s medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (Tr. 20). That said, he found that the Brian

M.'s statements related to the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20).

At step four, the ALJ found that Brian M. could perform work at the light exertional level with a reduced tolerance for, among other things, standing and walking. (Tr. 24). Additionally, the ALJ found Brian M. could work in light skilled occupations such as a hammermill operator, industrial bagger, or electrical accessories assembler, which all existed in significant numbers in the national economy. (Tr. 25). Consequently, the ALJ found that Brian M. had not been under a disability, as defined in the Social Security Act, since October 20, 2017, the date the application was filed. (Tr. 25).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); **Moore v. Colvin**, 743 F.3d 1118, 1120–21 (7th Cir. 2014); **Bates v. Colvin**, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." **Richardson v. Perales**, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see* **Bates**, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the

decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A).** The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520, 416.920.** The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b).** If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. §§ 404.1520(c), 416.920(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1.** If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. **20 C.F.R. §§ 404.1520(e), 416.920(e).** That said, if the claimant shows that his impairment is so severe that he cannot

engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f);** *see* ***Biestek v. Berryhill,*** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

      Brian M. has requested that the court remand this matter for additional proceedings. In his appeal, Brian M. offers two arguments in favor of remand. First, he contends that the ALJ's RFC assessment was not supported by substantial evidence. Second, Brian M. contends that the ALJ erred by relying on outdated state agency physicians' opinions in rendering his decision.

      The court will first address the argument that the ALJ improperly relied on outdated state agency physician medical opinions. Brian M. contends that new medical evidence surfaced after the state medical examiners issued their opinions and argues that the medical assessments were not reviewed by any medical source prior to his hearing on August 13, 2021. According to Brian M., his recent medical records showed serious abnormalities and worsening impairments that could have changed the state medical examiners opinions. Brian M. alleges that the state agency medical examiners lacked access to several cardiac-focused test results that showed further abnormalities, additional findings of breathing issues and lower extremity edema, and recurrent findings of pain and sensory abnormalities in his lower extremities.

      In response, the Commissioner argues that the ALJ did not err because he assessed greater limitations that those suggested by the state agency physicians. The Commissioner also

claims that the state agency examiners' work capacity assessments were consistent with the medical findings in the record.

An ALJ may not rely on outdated medical opinions "if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." **Moreno v. Berryhill**, 882 F.3d 722, 728 (7th Cir. 2018); *see generally* **Lambert v. Berryhill**, 896 F.3d 768 (7th Cir. 2018); **Suetkamp v. Saul**, 406 F. Supp. 3d 715, 721 (N.D. Ind. Aug. 27, 2019) (citing **Stags v. Astrue**, 781 F. Supp. 2d 790, 749-96 (S.D. Ind. 2011) ("finding that the medical record omitted from review provided 'significant substantive evidence' regarding the claimant's medical impairments and that any medical opinion rendered without taking this record into consideration was 'incomplete and ineffective'")).

Here, State agency physician Dr. Eskonen provided his opinion of Brian M.'s medical condition on November 4, 2021, and Dr. Sands provided his opinion on March 16, 2021. Consequently, neither state agency physician was privy to the following medical records at the time he formed his opinion:

> An office visit to Methodist Hospital on March 11, 2021[2], for pain in the left toenail, painful soft tissue masses in the second, third and fourth intermetatarsal spaces of both feet, and a pruritic rash on the plantar surface of both feet (Tr. 1610)
>
> An office visit to CCNI Cardio Consult Munster on June 7, 2021, to review test results which indicated a diagnosis of acute systolic heart failure, chronic respiratory failure, chronic edema, among other things (Tr. 1618-1625)
>
> An office visit to Medical Associates of Munster on June 30, 2021, for right shoulder pain which revealed diagnosis of chronic respiratory failure, atrial fibrillation, COPD, chronic systolic HF, hypertension, and type 2 diabetes (Tr. 1674-1675)

---

[2] Although this visit predated Dr. Sands' opinion, the record from this exam was not listed in the 'evidence received' section of the opinion or discussed in the 'findings of fact and analysis of evidence'.

Because the state agency physicians lacked the pertinent medical information above, the ALJ erred by heavily relying on their assessments. The ALJ could not have accurately relied on the state agency examiners' findings when they did not have all the relevant evidence. *See* **Moreno**, 882 F.3d at 728 (stating that an ALJ may not rely on outdated medical opinions "if later evidence containing, significant medical diagnoses reasonably could have changed the reviewing physician's opinion"). Seventh Circuit precedent suggests that an ALJ errs by relying on outdated opinion evidence from State agency consultants despite the presence of significant evidence in the record that was either not available or not yet created at the time the consultant issued an opinion. *See* **Campbell v. Astrue**, 627 F.3d 299, 309 (7th Cir. 2010) (noting ALJ's error in relying on opinions of State agency psychiatrist and psychologist who lacked access to subsequently created medical records from treating psychiatrist).

The later-acquired medical evidence in this case was not submitted to the State agency physicians for medical scrutiny, and the ALJ failed to explain or discuss how the later-acquired medical evidence fit into Brian M.'s residual functional capacity. Instead, a new assessment was warranted to determine a more accurate functional capacity that incorporated Brian M.'s updated medical findings. Thus, remand is warranted on this issue.

Because the ALJ erred by relying on outdated medical assessments and by omitting the later medical records from his decision, the court need not address Brian M.'s other argument at this time. The ALJ will be able to revisit the other issue on remand.

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED**.

ENTERED this 30th day of May, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge